UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| LONNIE DONNELL PERKINS,<br><br>Plaintiff,<br><br>v.<br><br>F. HARTWICK, et al.,<br><br>Defendants. | No. 2:18-cv-3156-EFB P<br><br>ORDER GRANTING IFP AND SCREENING COMPLAINT PURSUANT TO 28 U.S.C. § 1915A |

Plaintiff, a state prisoner proceeding without counsel in an action brought under 42 U.S.C. § 1983, has filed an application for leave to proceed in forma pauperis pursuant to 28 U.S.C. § 1915 (ECF No. 2).

### Application to Proceed In Forma Pauperis

Plaintiff's application makes the showing required by 28 U.S.C. § 1915(a)(1) and (2). Accordingly, by separate order, the court directs the agency having custody of plaintiff to collect and forward the appropriate monthly payments for the filing fee as set forth in 28 U.S.C. § 1915(b)(1) and (2).

### Screening Standards

Federal courts must engage in a preliminary screening of cases in which prisoners seek redress from a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The court must identify cognizable claims or dismiss the complaint, or any portion of the complaint, if the complaint "is frivolous, malicious, or fails to state a claim upon which

1

relief may be granted," or "seeks monetary relief from a defendant who is immune from such relief." *Id.* § 1915A(b).

A pro se plaintiff, like other litigants, must satisfy the pleading requirements of Rule 8(a) of the Federal Rules of Civil Procedure. Rule 8(a)(2) "requires a complaint to include a short and plain statement of the claim showing that the pleader is entitled to relief, in order to give the defendant fair notice of what the claim is and the grounds upon which it rests." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 554, 562-563 (2007) (citing *Conley v. Gibson*, 355 U.S. 41 (1957)). While the complaint must comply with the "short and plaint statement" requirements of Rule 8, its allegations must also include the specificity required by *Twombly* and *Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009).

To avoid dismissal for failure to state a claim a complaint must contain more than "naked assertions," "labels and conclusions" or "a formulaic recitation of the elements of a cause of action." *Twombly*, 550 U.S. at 555-557. In other words, "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements do not suffice." *Iqbal*, 556 U.S. at 678.

Furthermore, a claim upon which the court can grant relief must have facial plausibility. *Twombly*, 550 U.S. at 570. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678. When considering whether a complaint states a claim upon which relief can be granted, the court must accept the allegations as true, *Erickson v. Pardus*, 551 U.S. 89 (2007), and construe the complaint in the light most favorable to the plaintiff, *see Scheuer v. Rhodes*, 416 U.S. 232, 236 (1974).

<u>Screening Order</u>

According to the complaint, there was an "incident" at High Desert State Prison on December 7, 2017, where all inmates on the yard were ordered "down" and chemical agents were released. ECF No. 1 at 4. Plaintiff was not involved in the incident and complied with the order to get down. *Id.* at 4, 6. Defendant Smith, however, directed plaintiff to move away, toward the sideline of the basketball court. *Id.* at 6. As soon as plaintiff stood up, defendant Hartwick

2

sprayed plaintiff's eyes and face without warning. *Id.* at 6-7. Hartwick then ordered plaintiff to put his hands behind his back. *Id.* at 6. Plaintiff told Hartwick that he has a waist-chain chrono and could not put his hand behind his back because of a shoulder injury (a "frozen" shoulder). *Id.* Hartwick ignored plaintiff and forced plaintiff's right arm behind his back. *Id.* About an hour later, Hartwick helped plaintiff up and guided plaintiff to a holding room where his arms were released from the handcuffs and transferred to waist-chains. *Id.* at 7. Plaintiff asked if he could be decontaminated from the chemical spay and Hartwick told him he had to wait until he was interviewed, as he was a possible witness. *Id.* at 6-7. Plaintiff had to wait about two hours before being decontaminated. *Id.* at 7.

On June 20, 2018, plaintiff had right shoulder replacement surgery. *Id.* The surgeon discovered that plaintiff's rights shoulder was partially dislocated with a fracture. *Id.*

Plaintiff claims that Hartwick used excessive force by spraying him in the face with the chemical agent and forcing his right hand behind his back to be handcuffed. Liberally construed, plaintiff's allegations state a potentially cognizable Eighth Amendment deliberate indifference/excessive force claim against Hartwick.

Plaintiff also claims that Smith, as a supervisor, showed deliberate indifference by doing "nothing to terminate the series of acts by his subordinates which defendant knew or should have reasonably known would cause others to inflict constitutional injuries." ECF No. 1 at 12. To the extent plaintiff is alleging that Smith failed to intervene during the encounter between plaintiff and Hartwick, he fails to state a claim through such vague and conclusory allegations. *See Farmer v. Brennan*, 511 U.S. 825, 837 (1994) (holding that deliberate indifference requires not only an objective risk of harm, but also a subjective awareness of that harm).

Plaintiff also alleges that numerous officers failed to report "anything involving the plaintiff or the incident," to further a "code of silence" among correctional officers at High Desert State Prison. *Id.* at 12-15. However, it is not clear how any officer's failure to report the encounter between plaintiff and Hartwick resulted in any violation of plaintiff's constitutional rights.

/////

Plaintiff also alleges that numerous defendants retaliated against him after he filed a staff complaint concerning Hartwick's use of force. *Id.* at 8-10. Plaintiff filed the staff complaint on December 14, 2017. ECF No. 1 at 6. On January 9, 2018, Hartwick issued a rules violation report against plaintiff, falsely alleging that plaintiff had obstructed a peace officer during the December 7, 2017 incident on the yard. *Id.* at 8. Plaintiff was found guilty of the violation. *Id.* However, there is no allegation that Hartwick or any of the other defendants alleged to have retaliated were aware that plaintiff had filed the staff complaint. Generally speaking, a retaliation claim cannot rest on the logical fallacy of *post hoc, ergo propter hoc*, literally, "after this, therefore because of this." *See Huskey v. City of San Jose*, 204 F.3d 893, 899 (9th Cir. 2000). In any amended complaint, plaintiff must allege facts showing that each defendant was aware of the staff complaint, and that the staff complaint was "the 'substantial' or 'motivating' factor" behind their allegedly adverse actions. *See Brodheim v. Cry*, 584 F.3d 1262, 1271 (9th Cir. 2009).

Plaintiff may either proceed with his Eighth Amendment claim against Hartwick only or he may amend his complaint to attempt to assert additional claims against the other named defendants. He may not, however, change the nature of this suit by alleging new, unrelated claims. *George v. Smith*, 507 F.3d 605, 607 (7th Cir. 2007). Moreover, plaintiff is not obligated to amend his complaint.

## Leave to Amend

Any amended complaint must identify as a defendant only persons who personally participated in a substantial way in depriving him of a federal constitutional right. *Johnson v. Duffy*, 588 F.2d 740, 743 (9th Cir. 1978) (a person subjects another to the deprivation of a constitutional right if he does an act, participates in another's act or omits to perform an act he is legally required to do that causes the alleged deprivation). Plaintiff is not obligated to file an amended complaint.

Any amended complaint must be written or typed so that it so that it is complete in itself without reference to any earlier filed complaint. E.D. Cal. L.R. 220. This is because an amended complaint supersedes any earlier filed complaint, and once an amended complaint is filed, the earlier filed complaint no longer serves any function in the case. *See Forsyth v. Humana*, 114

4

F.3d 1467, 1474 (9th Cir. 1997) (the "'amended complaint supersedes the original, the latter being treated thereafter as non-existent.'") (quoting *Loux v. Rhay*, 375 F.2d 55, 57 (9th Cir. 1967)).

The court cautions plaintiff that failure to comply with the Federal Rules of Civil Procedure, this court's Local Rules, or any court order may result in this action being dismissed. *See* E.D. Cal. L.R. 110.

## Conclusion

Accordingly, it is ORDERED that:

1. Plaintiff's request to proceed in forma pauperis (ECF No. 2) is granted.
2. Plaintiff shall pay the statutory filing fee of $350. All payments shall be collected in accordance with the notice to the California Department of Corrections and Rehabilitation filed concurrently herewith.
3. Plaintiff's complaint alleges, for screening purposes, a viable Eighth Amendment deliberate indifference/excessive force claim against defendant Hartwick.
4. All other claims are dismissed with leave to amend within 30 days from the date of service of this order. Plaintiff is not obligated to amend his complaint.
5. Within thirty days plaintiff shall return the notice below advising the court whether he elects to proceed with the cognizable claim or file an amended complaint. If the former option is selected and returned, the court will enter an order directing service at that time;
6. Failure to comply with any part of this this order may result in dismissal of this action.

DATED: March 10, 2020.

EDMUND F. BRENNAN
UNITED STATES MAGISTRATE JUDGE

5

UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

LONNIE DONNELL PERKINS,

   Plaintiff,

 v.

F. HARTWICK, et al.,

   Defendants

No. 2:18-cv-3156-EFB P

NOTICE OF SUBMISSION OF DOCUMENTS

In accordance with the court's Screening Order, plaintiff hereby elects to:

(1) _____ proceed only with Eighth Amendment deliberate indifference/excessive force claim against defendant Hartwick;

OR

(2) _____ delay serving any defendant and files an amended complaint.

_____
           Plaintiff

Dated: