UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| LONNIE DONNELL PERKINS,<br><br>Plaintiff,<br><br>v.<br><br>F. HARTWICK,<br><br>Defendant. | Case No. 2:18-cv-03156-JAM-JDP (PC)<br><br>ORDER GRANTING IN PART DEFENDANT'S MOTION TO MODIFY THE DISCOVERY AND SCHEDULING ORDER AND FOR A THIRD EXTENSION OF TIME<br><br>ECF No. 37 |

The court previously issued a scheduling order that provided that all dispositive motions were to be filed by April 30, 2021. ECF No. 27 at 4. On February 5, 2021, plaintiff timely filed a motion for summary judgment. ECF No. 31. Defendant subsequently sought a sixty-three-day extension to file an opposition to plaintiff's motion. ECF No. 32. Defendant explained that he was in the process of preparing his own motion for summary judgment, which he intended to file on April 30, 2021. *Id*. In light of defendant's representation, I granted the extension. ECF No. 33.

Defendant, however, did not file his motion for summary judgment by the new deadline. Instead, on April 30, 2021, defendant filed a motion to modify the scheduling order and for a second extension of time—seeking an addition ninety days—to file a dispositive motion and an opposition to plaintiff's pending motion. ECF No. 34. Defendant's counsel stated that he had already started drafting a motion for summary judgment but needed additional time to complete the motion and to obtain supporting declarations from necessary witnesses. *Id*. at 34-1 at 2.

Counsel claimed that he was experiencing an unusually high workload, which kept him from meeting the deadlines set in this case. *Id*. at 1-2. Given that defendant had already been granted nearly three months to prepare an opposition to plaintiff's motion, defendants' motion was granted in part. Specifically, I granted him until June 21, 2021 to file both any dispositive motions and his response to plaintiff's motion for summary judgment. ECF No. 35. Despite the prior extensions, defendant now moves for a third extension of time to file an opposition and for dispositive motions. ECF No. 37.

A district court's scheduling order can be modified only upon a showing of good cause. Fed. R. Civ. P. 16(b)(4). The "good cause" inquiry focuses primarily on the diligence of the party seeking to amend the scheduling order. *Johnson v. Mammoth Recreations, Inc.*, 975 F.2d 604, 609 (9th Cir. 1992). Accordingly, the pretrial scheduling order can be modified if its deadlines "cannot reasonably be met despite the diligence of the party seeking the extension." *Id*.

Defendant's counsel claim that he needs an additional forty-five days to finish drafting defendant's motion for summary judgment, opposition to plaintiff's motion, and supporting declarations. He again explains that his unusually heavy workload has prevented him from completing these tasks. ECF No. 37-1 at 2-3. Although defendant's motion demonstrates that counsel has been diligently working on other cases, there is no indication that he has performed any work on this action over the past several months. And while I am sympathetic to the challenges defense counsel faces in managing a heavy workload, counsel's obligation to comply with the deadlines in this case cannot continue to give way to similar obligations imposed in other actions. Discovery concluded in this case on January 29, 2021, and plaintiff's motion for summary judgment was filed on February 2, 2021. Defense counsel has had more than five months to prepare and file a motion for summary judgment and a response to plaintiff's motion. Even with a heavy case load, that should have been sufficient time, especially considering that this case proceeds on a single Eighth Amendment claim against a lone defendant. *See* ECF Nos. 11, 21.

Accordingly, I am not inclined to grant defendant the requested forty-five-day extension. Nevertheless, I will grant defendant a brief extension of time to afford counsel an opportunity to file any dispositive motions and a response to plaintiff's motion for summary judgment.

Accordingly, it is hereby ORDERED that:

1. defendant's motion to modify the discovery and scheduling order and for an extension of time, ECF No. 37, is granted in part;

2. the deadline to file dispositive motions is extended to July 22, 2021;

3. defendant is granted until July 22, 2021 to file an opposition or statement of non-opposition to plaintiff's motion for summary judgment;

4. plaintiff may file a reply to defendant's opposition, if any, on or before July 29, 2021;

5. absent a showing of extraordinary cause, no further extensions of time will be granted.

IT IS SO ORDERED.

Dated: July 7, 2021

JEREMY D. PETERSON
UNITED STATES MAGISTRATE JUDGE