UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| LONNIE DONELL PERKINS, | Case No. 2:18-cv-03156-JAM-JDP (PC) |
| Plaintiff, | FINDINGS AND RECOMMENDATIONS THAT PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT BE DENIED AND DEFENDANT'S CROSS-MOTION FOR SUMMARY JUDGMENT BE GRANTED |
| v. | |
| F. HARTWICK, | |
| Defendant. | ECF Nos. 31, 40 |
| | OBJECTIONS DUE WITHIN FOURTEEN DAYS |

Plaintiff is a state prisoner proceeding without counsel in this civil rights action brought under 42 U.S.C. § 1983. He claims that defendant Hartwick violated his Eighth Amendment rights by pepper-spraying him without justification, not timely decontaminating him, and handcuffing his hands behind his back in violation of his waist-chain chrono.[1] ECF No. 1 at 4-7, 11-15. Both parties have moved for summary judgment. ECF Nos. 31, 40. I recommend granting defendant's motion because plaintiff failed to exhaust his administrative remedies before filing this suit.

---

[1] Following the court's screening of plaintiff's complaint, which contained claims against multiple defendants, plaintiff elected to proceed only with his Eight Amendment claims against defendant Hartwick. *See* ECF No. 14. Accordingly, all other defendants have been dismissed. *See* ECF Nos. 15, 21.

1

## I. Background

On the afternoon of December 7, 2017, a fight broke out between several inmates on a recreational yard at High Desert State Prison. ECF No. 1 at 4. Plaintiff alleges that, at the time of the fight, he was standing on one of the yard's basketball courts. *Id.* Correctional officers approached and ordered him onto the ground. *Id.* Plaintiff complied as officers began to deploy chemical agents to regain control of other parts of the yard. *Id.*

After some time on the ground, a correctional officer named Smith ordered plaintiff to get up and move backwards. *Id.* at 6. He moved to comply and, without warning, was hit in the face with a blast of chemical spray by the defendant. *Id.* at 6, 7. Plaintiff waited on the ground for a long time before defendant helped him up and began to guide him across the yard. *Id.* at 7. Plaintiff asked if he could be taken to decontamination to wash the chemical agent from his eyes. *Id.* Defendant refused and explained that plaintiff needed to be interviewed first. *Id.* Plaintiff waited approximately two hours before he was taken to decontamination. *Id.*

Plaintiff alleges that defendant also exhibited deliberate indifference to his serious medical needs by handcuffing his hands behind his back. *Id.* at 7, 10. Before being handcuffed, plaintiff told defendant that he had a shoulder injury that would be exacerbated if he were restrained in that position. *Id.* at 11. Defendant allegedly ignored plaintiff's warning and caused him extreme pain. *Id.*

## II. Standard of Review

A motion for summary judgment may be granted only when "the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986); *see* Fed. R. Civ. P. 56. The moving party bears the burden of establishing that there is no genuine issue of material fact. *See Celotex*, 477 U.S. at 322-23. If the moving party meets that burden by "presenting evidence which, if uncontradicted, would entitle it to a directed verdict at trial, [Fed. R. Civ. P. 56(e)(2)] shifts to [the nonmoving party] the burden of presenting specific facts showing that such contradiction is possible." *British Airways Bd. v. Boeing Co.*, 585 F.2d 946,

950-52 (9th Cir. 1978).

Each party's position must be supported by (1) citations to particular portions of materials in the record, including but not limited to depositions, documents, declarations, or discovery; or (2) argument showing that the materials cited do not establish the presence or absence of a genuine factual dispute or that the opposing party cannot produce admissible evidence to support its position. *See* Fed. R. Civ. P. 56(c)(1). The court can consider other materials in the record not cited by the parties, but it is not required to do so. *See* Fed. R. Civ. P. 56(c)(3); *Carmen v. San Francisco Unified School Dist.*, 237 F.3d 1026, 1031 (9th Cir. 2001); *see also Simmons v. Navajo County, Ariz.*, 609 F.3d 1011, 1017 (9th Cir. 2010).

The court must apply standards consistent with Rule 56 to determine whether the moving party has demonstrated there to be no genuine issue of material fact and that judgment is appropriate as a matter of law. *See Henry v. Gill Indus., Inc.*, 983 F.2d 943, 950 (9th Cir. 1993). "[A] court ruling on a motion for summary judgment may not engage in credibility determinations or the weighing of evidence." *Manley v. Rowley,* 847 F.3d 705, 711 (9th Cir. 2017) (citation omitted). The evidence must be viewed "in the light most favorable to the nonmoving party" and "all justifiable inferences" must be drawn in favor of the non-moving party. *Orr v. Bank of America, NT & SA*, 285 F.3d 764, 772 (9th Cir. 2002); *Addisu v. Fred Meyer, Inc.*, 198 F.3d 1130, 1134 (9th Cir. 2000).

### III.    PLRA Exhaustion

Defendant argues that plaintiff did not exhaust his administrative remedies before filing this suit, as is required by the Prison Litigation Reform Act ("PLRA"), 42 U.S.C. § 1997e(a). ECF No. 40-1 at 7-10. To satisfy PLRA's exhaustion requirement, a plaintiff's administrative appeals must "provide enough information . . . to allow prison officials to take appropriate responsive measures." *Griffin v. Arpaio*, 557 F.3d 1117, 1121 (9th Cir. 2009) (quoting *Johnson v. Testman*, 380 F.3d 691, 697 (2nd Cir. 2004)); *see also Sapp v. Kimbrell*, 623 F.3d 813, 824 (9th Cir. 2010) ("A grievance suffices to exhaust a claim if it puts the prison on adequate notice of the problem for which the prisoner seeks redress."). The California prison system's grievance regulations "define the boundaries of proper exhaustion." *Marella v. Terhune*, 568 F.3d 1024,

1027 (9th Cir. 2009). The regulations require prisoners to list all staff members involved in the grieved event, and to describe their involvement. Cal. Code Regs. tit. 15, § 3084.2(a)(3) (repealed 2021). But if a prisoner does not know the "identifying information about the staff member(s), he or she shall provide any other available information that would assist the appeals coordinator in making a reasonable attempt to identify the staff member(s) in question." *Id.*

Plaintiff did not exhaust his administrative remedies against the defendant before filing this suit. The relevant grievance, numbered HDSP-D-17-04517, did not name Hartwick. Instead, it accused two other correctional officers—Boyd[2] and Meraz—of the misconduct now at issue. ECF No. 31 at 47. Prison officials processing the grievance confined their investigation to the named officers. In his second-level response, the investigating lieutenant noted that he conducted interviews with officers Boyd and Meraz, as well one other correctional officer and two other inmates. *Id.* at 56. The response makes no mention of Hartwick and ultimately concludes that "Sergeant Meraz and Sergeant Boyd did not violate CDCR policy with respect to one or more of the issues appealed." *Id.*

In some instances, failure to name a prison official in a grievance will not preclude exhaustion. In *Reyes v. Smith*, the Ninth Circuit found that, even though the plaintiff's grievance failed to identify the defendants by name, prison officials had adequate notice of who they were because the grievance referenced a specific committee to which they belonged. 810 F.3d 654, 659 (9th Cir. 2016). Given that information, the Ninth Circuit concluded that prison officials had notice that defendants' conduct was at issue. *Id.* The circumstances here are different, however. Plaintiff's grievance identified two specific non-defendant officers and, in so doing, set the boundaries of prison officials' administrative review. It would not be appropriate for the court to require a reviewing official, faced with such specific allegations, to somehow realize that an investigation of other, unnamed officers was warranted.

In his opposition to defendant's motion, plaintiff alleges that he did ultimately file a separate grievance against Hartwick. However, in plaintiff's telling, that grievance related to the

---

[2] Plaintiff disputes that this grievance accused Boyd of any wrongdoing. ECF No. 47 at 33. Regardless, that issue is irrelevant to the resolution of the exhaustion issue.

4

1  issuance of a false rules violation report, not to defendant's alleged deliberate indifference or use
2  of excessive force. ECF No. 47 at 38 (referencing grievance number HDSP-D-18-01053). And
3  plaintiff has not provided the court with a copy of either the grievance or prison officials'
4  responses to it. Thus, I cannot determine whether prison officials, in addressing plaintiff's
5  complaints about the rules violation report, also considered the claims at bar. And given that
6  defendant has presented evidence that the claims against Hartwick were not exhausted, the burden
7  is on plaintiff to include the documentation necessary to support his claim to the contrary. *See*
8  *Albino v. Baca*, 697 F.3d 1023, 1031 (9th Cir. 2012) (explaining that exhaustion is an affirmative
9  defense and that, once defendants meet their burden of proving non-exhaustion, the burden shifts
10 to plaintiff to show that his failure to exhaust should be excused).

11     Neither can I conclude that remedies were unavailable to plaintiff. It may be the case that
12 he could not have identified Hartwick at the outset and that any grievance against the defendant
13 would have, by the time of identification, been untimely under prison regulations.[3] But it was not
14 plaintiff's place to determine futility; his responsibility was to attempt to exhaust using the
15 administrative procedures offered by prison officials.

16     This result could be seen as somewhat unsatisfying, since plaintiff likely had little
17 opportunity initially to identify the officer who allegedly wronged him; plaintiff was ordered to
18 the ground and pepper sprayed. But this court lacks the power to make ad hoc exceptions to the
19 PLRA. *See Ross v. Blake*, 136 S. Ct. 1850, 1857 (2016) (holding that "mandatory exhaustion
20 statutes like the PLRA establish mandatory exhaustion regimes, foreclosing judicial discretion.").

21     It is, therefore, RECOMMENDED that:

22     1. Plaintiff's motion for summary judgment, ECF No. 31, be denied.

23     2. Defendant's motion for summary judgment, ECF No. 40, and plaintiff's claims against
24 defendant be dismissed without prejudice for failure to exhaust administrative remedies.

---

[3] At his deposition, plaintiff stated that he did not initially know the identity of the officer who sprayed him, but was subsequently told by another inmate that it was Sergeant Meraz. ECF No. 40-5 at 21; *see* ECF No. ECF No. 31 at 61. Plaintiff explained that he first learned of Officer Hartwick's involvement after reviewing an incident report, which he received more than a month after the altercation. ECF No. 40-5 at 21, 30.

3. The Clerk of Court be directed to close the case.

These findings and recommendations are submitted to the U.S. District Judge presiding over the case under 28 U.S.C. § 636(b)(1)(B) and Local Rule 304. Within 14 days of the service of the findings and recommendations, the parties may file written objections to the findings and recommendations with the court and serve a copy on all parties. Their objections must be captioned "Objections to Magistrate Judge's Findings and Recommendations." The presiding district judge will then review the findings and recommendations under 28 U.S.C. § 636(b)(1)(C).

IT IS SO ORDERED.

Dated:    September 3, 2021

JEREMY D. PETERSON
UNITED STATES MAGISTRATE JUDGE